**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr><td><strong>CHAMBERS OF</strong><br><strong>STEPHANIE A. GALLAGHER</strong><br><strong>UNITED STATES MAGISTRATE JUDGE</strong></td><td><strong>101 WEST LOMBARD STREET</strong><br><strong>BALTIMORE, MARYLAND 21201</strong><br><strong>(410) 962-7780</strong><br><strong>Fax (410) 962-1812</strong></td></tr>
</table>

January 4, 2013

LETTER TO COUNSEL:

> RE:    *Peter Andrew Ewing v. Commissioner, Social Security Administration*;
>        Civil No. SAG-11-317

Dear Counsel:

On February 4, 2011, the Plaintiff, Peter Ewing, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income.  ECF No. 1.  I have considered the parties' cross-motions for summary judgment.  ECF Nos. 14, 16.  I find that no hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  The court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Ewing filed his claims on March 17, 2008, alleging disability beginning on November 2, 2007. (Tr. 12, 103).  His claims were denied initially and on reconsideration.  (Tr. 57-62).  A hearing was held on October 8, 2009 before Administrative Law Judge Barbara Powell ("ALJ").  (Tr. 28-55).  Following the hearing, on October 22, 2009, the ALJ determined that Mr. Ewing was not disabled.  (Tr. 12-26).  The Appeals Council denied Mr. Ewing's request for review on December 28, 2010, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Ewing suffered from two severe impairments: depression and anxiety.  (Tr. 14).  Despite these impairments, the ALJ determined that Mr. Ewing retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that he could lift and carry 50 pounds occasionally, 25 pounds frequently, stand or walk for 6 hours, sit for 6 hours, can understand, remember and carry out simple instructions just fine, can pay attention and concentrate at that level of complexity and do a satisfactory job, can be distracted by other people but with effort can master working around others but needs limited interaction with co-workers and the general public, might have some trouble dealing with criticism from the boss but simple work only requires occasional to infrequent instructions and can

*Peter Andrew Ewing v. Commissioner, Social Security Administration*
Civil No. SAG-11-317
January 4, 2013
Page 2

handle that level of complexity, avoid concentrated exposure to dust, fumes, and gases, and avoiding all exposure to ladders, scaffolds, dangerous heights and dangerous machinery.

(Tr. 19-20).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Ewing could perform his past relevant work as a kitchen porter, and that he was therefore not disabled during the relevant time frame.  (Tr. 24-26).

The crux of Mr. Ewing's argument on appeal is that the ALJ improperly rejected the medical evidence from his treating physician, Dr. Lyndy Lewis, Ph.D.,[1] and the state agency reviewing physician, Grady Dale, Ed.D.  The ALJ considered Dr. Lewis's and Dr. Dale's opinions, but ultimately gave them little weight because she found that they were not supported by the relevant objective medical evidence and were not consistent with the record as a whole.

A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record.  *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2).  Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented.  20 C.F.R. § 404.1527(d).  These factors include the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the extent to which a medical opinion is supported by evidence; the consistency of a medical opinion with the record as a whole; and the specialization of the physician.  20 C.F.R. § 404.1527(d)(1)-(5).  Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner.   20 C.F.R. § 404.1527(e).   Issues reserved to the Commissioner are administrative findings – such as determining a claimant's RFC – that are dispositive of a case.  *Id*.  In this case, I find that the ALJ fulfilled her duties and adequately discussed Dr. Lewis's and Dr. Dale's opinions.

The ALJ acknowledged that Dr. Lewis treated Mr. Ewing over an extended period of time, allegedly from July 2003 until 2008. (Tr. 23, 252-53).  The ALJ also noted that Mr. Ewing has been prescribed antidepressant medications. (Tr. 15, 207, 228).  However, the ALJ also addressed the various conflicting opinions found in the record, and explained why she could not accord Dr. Lewis's opinions controlling weight.  For example, the ALJ noted there were no treatment records submitted by Dr. Lewis, and as a result she was unable to evaluate the extent and type of treatment over time.  (Tr. 23).  The ALJ also noted an internal inconsistency in the doctor's statements.  *Id.*   Dr. Lewis stated that Mr. Ewing had only a "fair" ability to carry out simple instructions, but also stated that he had a "good" ability to carry out detailed, but not complex, instructions.  *Id.*  The ability to carry out detailed instructions reflects a greater ability to adjust than the severe restrictions Mr. Ewing claims to have.  Dr. Lewis also stated that Mr. Ewing had "poor to no ability" to deal with the public on one page of his report, but on the very

---

[1] The ALJ identified Ms. Lewis as a licensed clinical social worker, or "LCSW."  However, as acknowledged in Defendant's Memoranda, Ms. Lewis has a Ph.D.  (Tr. 22-23).

*Peter Andrew Ewing v. Commissioner, Social Security Administration*
Civil No. SAG-11-317
January 4, 2013
Page 3

next page, the doctor stated that Mr. Ewing had "good" abilities to relate predictably in social situations and demonstrate reliability. (Tr. 252-53). These internal inconsistencies, and the fact that there were no treatment records, undermine the overall reliability of the doctor's report. The medical evidence submitted by Dr. Lewis was properly considered by the ALJ, and I find the ALJ's findings are explained adequately and are supported by substantial evidence.

The ALJ also stated that she was assigning "some weight" to the May 20, 2008 opinions of state agency reviewing physician Dr. Grady Dale. (Tr. 23). Within these opinions, however, the ALJ accorded little weight to the restrictions placed on Mr. Ewing's ability to maintain a schedule and to respond to changes in the work setting because they were disproportionately restrictive when considered in light of the record as a whole. *Id.* For example, the ALJ noted that Mr. Ewing was able to take his roommate to work and to pick him up at a set time every day. (Tr. 23, 37). These factors, coupled with Mr. Ewing's testimony regarding his activities, including his ability to get along with his roommate, do laundry, and cook for himself, all were appropriately considered, and provide substantial support for the ALJ's conclusion that Mr. Ewing was not as limited, in certain respects, as Dr. Dale suggested. However, the ALJ afforded some weight to Dr. Dale's remaining opinions.

The ALJ's RFC finding of medium work, and the corresponding hypotheticals she presented to the VE, are supported by substantial evidence, including Dr. Dale's opinions, the opinions of state agency medical consultant L. Payne, Ph.D., Mr. Ewing's intermittent treatment schedule, and his activities of daily living. Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment, ECF No. 16, and DENIES Claimant's Motion. ECF No. 14.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Very truly yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge